506 So.2d 121 (1987)
David MESA, Individually and on Behalf of His Minor Child, Cynthia Mesa and Maria Luz Martinez, Wife of/and David Mesa
v.
Mark S. BURKE and State Farm Mutual Automobile Insurance Company.
No. 86-CA-656.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
Writ Denied May 29, 1987.
*122 Peter S. Title, New Orleans, for defendants-appellants.
William S. Vincent, Jr., New Orleans, for plaintiffs-appellees.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by State Farm Mutual Automobile Insurance Company, defendant-appellant, from a judgment for damages suffered by Maria Mesa and her daughter Cynthia in an automobile accident. State Farm urges the following grounds for reduction of the awards:
1. The amounts of general damages awarded are excessive;
2. The award of damages to Mrs. Mesa for the pain and suffering she underwent because of her daughter's injuries is not permitted under our laws;
3. The awards for future medical expenses are not supported in the record.
Because we agree that pain and suffering caused by an injury to a third person are not compensable damages, we reduce the general damages awarded to Mrs. Mesa by $10,000. In all other respects, the judgment is affirmed. Although it also appears that there was no proof that Cynthia will require $10,000 in future medicals, we do not reach that issue because elimination of that item would not reduce the award for Cynthia below State Farm's policy limit of $100,000.
This action arose from an automobile collision. It is stipulated that the negligence of Mark S. Burke was the sole cause of the accident. Before trial, the claims against Burke and State Farm, in its capacity as Burke's liability insurer, were settled for $48,919.00. Of that amount, $25,000 was for injuries to Cynthia, and the remaining $23,919 was for injuries to Mrs. Mesa.
State Farm was also the uninsured motorists insurer of the Mesa car, and remained a defendant in that capacity. After trial on the merits, the trial judge awarded the following damages:

 CYNTHIA MESA
Past and Future Pain and Suffering $ 125,000
Future Medicals 10,000
Past Medicals 1,140
 _________
 $ 136,140
Set Off Of Previously Paid Damages $ -25,000
 _________
 $ 111,140
Reduced to Policy Limit 11,140
 _________
Total Damages $ 100,000
 MARIA MESA
Past and Future Pain and Suffering $ 75,000
Future Medicals 5,000
Past Lost Wages 5,000
Past Medicals 9,615
 ________
 $ 94,615
Set Off Of Previously Paid Damages 23,919
 ________
Total Damages $ 70,696

In his reasons for judgment, the trial judge succinctly recited his factual findings as to the injuries of Cynthia upon which her damages were based, as follows:
"Cynthia Mesa, a guest passenger, was eleven years old at the time of the accident. She was treated in the intensive care unit of West Jefferson Hospital and diagnosed as having sustained a head injury, cerebral concussion, cerebral contusion. She remained semi-conscious or stuperous for several days. Once conciousness was regained a partial paralysis remained affecting parts of her right side apparently due to a right sixth cranial nerve palsy. Her eyes were crossed for a brief period followed by the use of an eye patch alternating on each eye for three months. The doctors' and nurses' notes reflect that she complained of neck *123 and back pain. Although there was resistance to flexion, x-rays of the spine were normal. An electroencephalogram performed shortly after the accident showed a severe generalized slow dysrhythmia. Dr. Carl F. Culicchia, M.D., wrote in the EEG report that there was evidence of generalized cerebral electrical dysfunction.
The resolution of these injuries remains somewhat uncertain. Testimony and corroborating evidence, in the form of school records, showed the child's grades had gone down. Her mother and father testified she misbehaves at school and she rocks back and forth often. Her mother testified she continually asks for food and she was complaining of headaches at the time of trial. Her father further testified she limped and corroborated her testimony of persistent neck and back pain by stating that she complains of pain in her "tail bone"; also, that she cries out of one eye only. Also, her father, mother and she testified that her activities and social interaction have decreased. Finally, Cynthia testified that her grades have suffered because she now finds it hard to concentrate in school."
The standard of review of factual questions is that the findings of the trial court should not be disturbed absent manifest error, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no such error here. State Farm urges to the contrary that the court did commit such error in not crediting Dr. Culicchia's testimony that he did not suspect that the girl's later behavior would have been related to her injuries. We note, however, that this doctor had not treated Cynthia since August, 1983, some two months after the accident, at which time her EEG still showed irregularities. Although he stated that she was showing good improvement at that examination, and that she should have returned to normal closer to 1983 than to 1985, he did not re-examine her during this period. On this showing we find no manifest error in the trial judge's crediting of the girl and her parent's testimony that she has continued to have problems since the time of the accident, especially in light of the fact that State Farm presented no current medical evidence to refute this claim.
Turning to the damage award for Cynthia, our standard of review is whether the trial court abused its discretion in fixing the award, Reck v. Stevens, 373 So.2d 498 (La.1979). In looking to the individual circumstances of this particular case, we determine that the award of $125,000 for general damages for Cynthia, although high, does not constitute a clear abuse of the trial court's discretion.
As to Maria Mesa, we again quote the trial court:
"Maria Mesa, the driver of the vehicle, suffered physical as well as mental injuries. The court finds credible the testimony of Mrs. Mesa that she thought her daughter was dead immediately after the accident at which time the police officer who witnessed the accident could not find a pulse on Cynthia. The daughter could not be removed from the wrecked vehicle until the ambulance and fire department arrived. The court finds that Mrs. Mesa is entitled to compensation for the mental anquish she experienced immediately after the accident until her child regained consciousness.
Mrs. Mesa underwent months of outpatient treatment for injuries diagnosed as cervical and lumbar strain. In the deposition of Dr. Stuart Phillips, introduced into evidence as "P-3", the doctor diagnosed Mrs. Mesa as suffering from chronic lumbar and cervical strain, injuries to the ligaments which cause corroborated Dr. Phillips' diagnosis. Dr. Fleming phrased it as scarring in the musculoligamentous structures. He gave her a 5% total body disability as a result of the low back injury, primarily. There is evidence (in the admit forms) that the pain produced from the strain reached the "acute" degree at certain times and Mrs. Mesa required hospitalization for traction, whirlpool and physical therapy several months after the accident. There was no evidence of any previous injury or condition.

*124 Mrs. Mesa was diagnosed as suffering from depression, secondary to her pain. Dr. Scrignar, a psychiatrist, treated Mrs. Mesa for over a year after the accident. He testified he diagnosed her as suffering from a post traumatic stress disorder. Dr. Scrignar testified that this condition could interfere with all aspects of her life, including work, marriage and sex. The doctor stated that the prognosis depends upon the persistence of pain and recommended treatment at a pain center. He testified he was familiar with such centers and that they cost $8,000.00 to $10,000.00 per month. Dr. Scrignar testified that his notes reflected Mrs. Mesa was having severe marital problems. She worked before the accident in her husband's shoe store but had to give up that position due to her pain and problems with bending and stooping."
We find the above factual findings amply supported by the record. Arceneaux v. Domingue, supra.
However, we hold that the trial judge erred in awarding damages to Mrs. Mesa because of pain and suffering associated with witnessing her daughter's injuries. It has long been the law of this state that mental anguish suffered by a bystander as a result of negligent injury to a third person is not compensable, unless there exists a breach of some independent duty of care owed to the bystander, Blackwell v. Oser, 436 So.2d 1293 (La.App. 4th Cir. 1983), and cases cited therein. Although we, like our brothers on the Blackwell court, find the rule often harsh, we are nonetheless bound by it until such time as it is revised or abolished by the Supreme Court or the legislature. Although the trial court did not specify what portion of the $75,000 general damage award was attributable to this element of damages, it is the determination of this court that a reasonable figure for this item, were it compensable, would be $10,000. We therefore reduce the general damage award to Mrs. Mesa by this amount.
The next issue before us is whether the remaining $65,000 in general damages to Mrs. Mesa is an abuse of the trial court's discretion, Reck v. Stevens, supra. Again, the individual circumstances of this case do not reveal a clear abuse of discretion in an award of $65,000 for general damages to Mrs. Mesa.
The final issue is whether Mrs. Mesa proved her need for future medical expenses of $5,000. We find that she clearly did. The testimony on this point is that she continues to suffer pain, and is in need of pain clinic treatment at a cost of $8,000 to $10,000 per month. The award of $5,000 was thus clearly not an abuse of discretion on the record before us.
For the foregoing reasons, the general damage award to Mrs. Mesa of $75,000 is hereby reduced to $65,000. In all other respects, the judgment is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.
GAUDIN, J., dissents with written reasons.
GAUDIN, Judge, dissenting.
I respectfully dissent, being of the opinion that the award to Cynthia Mesa was excessive and that the award to Maria Mesa, who was not hospitalized at the time of the accident, was even more excessive and not supported by the medical evidence.