533 So.2d 121 (1988)
Elizabeth BISHOP and E.C. Bishop, Individually and in His Capacity as Administrator of the Estate of His Minor Son, Mark Bishop
v.
Ivan CALLAIS, Cameron Barr, as Administrator of Coliseum Medical Center, Coliseum Medical Center (Community Psychiatric Centers, Inc.), et al.
No. 88-CA-0426.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Writ Denied January 13, 1989.
Raul R. Bencomo, Susanne Cambre, New Orleans, for appellant.
Donna G. Klein, Michael M. Noonan, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for appellees.
Before GARRISON, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
The trial court maintained defendants' exception of no cause of action as to some of the claims asserted by petitioners. From this judgment, plaintiffs appeal.
Elizabeth and E.C. Bishop filed the instant lawsuit in their individual capacities, and on behalf of their minor son for the abuse alleged to have taken place while their son was confined for psychiatric treatment. Defendants are the Coliseum Medical Center, its insurer, the administrator, Cameron Barr, Community Psychiatric Center, and Ivan Callais, an employee (collectively referred to as defendants).
The petition alleges that Mark Bishop (plaintiffs' minor son) was sexually abused by Callais while confined at defendants' facility for treatment. The petition further alleges that the sole and proximate cause of the incidents was the negligence of defendants in various particulars, including failing to exercise due care in employment of personnel, failing to provide adequate security, and failing to properly supervise personnel. As a result, plaintiffs claim damages on behalf of their minor son, and also seek damages, individually, for their own mental anguish, humiliation, embarrassment and loss of consortium.
Defendants excepted asserting that the parents have no cause of action for the mental anguish or suffering sustained by them as a result of the physical or psychological injuries of their son.
The trial court maintained the exception as to the claim of Elizabeth Bishop. Presumably, the individual claim of E.C. Bishop, identical in nature, should have been included in the judgment, but for some unknown reason, it was not. It is from this judgment that plaintiffs perfect this appeal.
In brief, defendants concede that plaintiffs do state a cause of action for loss of *122 consortium, but strenuously argue that the parents cannot recover for their mental anguish because of injury to a third person.
Thus, the issue presented for our review is whether the parents of this minor child state a cause of action for their own nonpecuniary loss because of the alleged physical and/or psychological injury to their minor son.
It is well established that damages for mental anguish or distress (nonpecuniary) are recoverable in tort actions. Gele v. Markey, 387 So.2d 1162 (La.1980). However, the often cited "antique" obstacle to recovery of emotional distress caused by the injury to another is Black v. Carrollton Railroad Co., 10 La.Ann. 33 (1855). In that case the Supreme Court denied a father recovery for the "shock to parental feelings" he sustained because of the physical injuries sustained by his 14 year old son when the defendant's railroad car overturned.
Although the Black rule has been followed through the years, both the legislature and the jurisprudence have created limited exceptions. By enacting the express provisions of the wrongful death statute, the legislature gave some relief to the Black rule. Equally important has been certain jurisprudential exceptions which indicate an attempt at altering the strict adherence to Black.
In Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145 (La.App. 1st Cir. 1961), plaintiffs contracted with an exterminator to eliminate rats, and placed rat poison in their home. Plaintiffs' son ingested the poison. The parents of the child sought medical treatment for him. The exterminator was contacted in order to determine the chemical content of the poison. He was unable to inform the plaintiffs quickly and definitively of the poison's ingredients thus delaying the medical treatment for several hours. The parents filed suit against the exterminator seeking not only damages for the injuries to their son, but also for their own mental anguish and shock. The trial court maintained the defendant's exception of no cause of action as to the parents' individual claims. The appellate court found an implied contractual independent duty owed to the parents, and reversed. The Court held that plaintiffs' petition asserted the breach of an independent duty owed them, and thus a cause of action was stated.
In Blackwell v. Oser, 436 So.2d 1293 (La.App. 4th Cir.1983), writ den. 442 So.2d 453 (La.1983), the parents of a child born with permanent brain damage sued the obstetrician who delivered the child. They sought damages for their own mental anguish. The defendant's exception of no cause of action was maintained by the trial court as to the father's claim, but was overruled as to the mother. This Court affirmed concluding that the mother, as a patient of the defendant was owed an independent duty, but that no such duty was owed to the father. The dissent in that case questioned the Black holding, and would have found a duty owed to the father as well.
In Skorlich v. East Jefferson General Hospital, 478 So.2d 916 (La.App. 5th Cir. 1985), our brethren of the Fifth Circuit, in a case very similar to Blackwell v. Oser, supra, held that the physician owed a duty to both the father and mother.
Despite the Black holding, Holland, Blackwell and Skorlich all suggest an attempt by the appellate courts to recognize a cause of action for mental anguish for injury to another when the claim is based on a breach of an independent duty established by a contractual relationship, either express or implied. Where no such relationship exists, however, the courts have adhered to Black. See, cases cited in Blackwell v. Oser, supra, at 1294.
In contrast to these "independent duty" cases, where a petition specifically alleges that the mental distress is the direct result of the breach of an express contract, our Supreme Court has restricted the claim to those situations where the contract has for its object "intellectual gratification". Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). In that case, the court looked to the various translations of La. Civil Code Article 1934(3) in reaching this conclusion. Justice Dixon (now Chief Justice) *123 questioned the logic of delineating between "tort" and "contract" causes of action, and suggested that Louisiana's fact pleading theory of presenting a cause should allow plaintiff full recovery.
The reasoning of Meador is questionable today because of the passage of Civil Code Article 1998 in 1984. That article provides in part:
"Damages for nonpecuniary loss may be recovered when the contract, because of its nature is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew or should have known, that his failure to perform would cause that kind of loss."
Thus, recovery for nonpecuniary loss in breach of contract cases is clearly expanded beyond the "intellectual gratification" of Meador. Article 1998 requires that Courts determine the intended object and nature of the contract in its determination of damages.
The elements of a contract and tort case are sometimes so intertwined that they cannot be easily labeled. Gele v. Markey, supra. And, attempting to place a label on cases such as the one before us in order to determine if recovery is permissable only confuses the issue further. We prefer to utilize the fact pleading approach suggested by Justice Dixon in his Meador dissent, and apply the civilian principles of duty risk to resolve the issue.
First, we emphasize that this matter is before us on an exception of no cause of action. A peremptory exception of no cause of action functions to test the legal sufficiency of the petition. All well pleaded allegations of the petition are accepted as true. Darville v. Texaco, Inc., 447 So. 2d 473 (La.1984). An exception of no cause of action is sustained only where the law affords the plaintiff no remedy under the allegations of the petition. Yasar v. Cohen, 483 So.2d 1099 (La.App. 4th Cir.1986).
Second, plaintiffs allege that defendants caused them damage (i.e. emotional distress, mental anguish, etc.) by the negligent care and treatment of their minor son. Implicit in those allegations is the assertion that there was a duty owed by the defendants (whether contractual, quasi contractual, or as "reasonable men") to the plaintiffs and that duty was breached. These factual allegations, at the very least state a claim under Article 2316 of the Civil Code. If plaintiffs can prove the existence of a duty which encompassed the risk of harm that they encountered, that the risk was an unreasonable one, and that breach of the duty resulted in damages, either pecuniary or nonpecuniary, then recovery should be permitted. See, Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
We do not interpret the Black decision to mean a plaintiff should never be allowed recovery where there is injury to a third person. Such an interpretation would ignore the principle of Article 2315 that allows redress to a party who sustains loss through the fault of another. A reasonable interpretation of Black is that plaintiff did not prove the existence of a duty owed by the railroad which encompassed the harm done, and thus there is no recovery. This interpretation does not violate civilian principles, and is consistent with our Civil Code.
We are well aware of the argument that to allow recovery for mental anguish caused by injury to another will necessarily multiply the number of plaintiffs to whom a defendant may be liable. See, Blackwell v. Oser, supra at 1295. We do not attempt to resolve that problem. The issue of who may fall within the "zone of danger" is best resolved by the legislature. We restrict our holding to the facts of the instant suit and say that it is reasonable to conclude that a duty to the parents may exist, and under the factual scenario set out in plaintiff's petition they should be allowed to proceed. The pleadings state a cause of action.
For the above and foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
KLEES, J., concurs with reasons.
*124 KLEES, Judge, concurring.
I concur in the result. The petition in this matter alleges sufficient facts supportive of a cause of action by the minor as well as loss of consortium between the parents and the minor. As such the exception of no cause of action should be overruled.