547 So.2d 1320 (1989)
L.P., et al.
v.
Kenneth M. OUBRE, et al.
No. 89-CA-128.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1989.
Writ Denied October 13, 1989.
*1321 Cater & Willis P.C., R. Glenn Cater, Steven Scheckman, New Orleans, and McTernan & Parr, Mark McTernan, New Orleans, for plaintiffs-appellants.
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Charles S. McCowan, Jr., David K. Nelson, Baton Rouge, for defendants.
Before CHEHARDY, C.J., and GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
This case is before us on plaintiffs' devolutive appeal from the district court ruling on exceptions of no cause of action and motions to strike. Two issues are presented for our consideration: (1) Do plaintiffs state a cause of action beyond the allegation of a duty to warn of a known criminal propensity of a third party? and (2) Do plaintiff-parents state a cause of action for mental anguish they experienced when their minor children were injured? We hold that the answer to both questions is yes.
The minor sons were sexually molested by the scoutmaster of their boy scout troop. The parents brought suit individually and on behalf of their sons, naming as defendants the scoutmaster, Kenneth M. Oubre (Oubre); Istrouma Area Council, Boy Scouts of America (Istrouma), the regional scouting council; Boy Scouts of America, Inc. (BSA), the federal non-profit organization; Insurance Company of North America (INA), their insurer; VFW Post 5852, the local sponsor of Troop 151; and Paulina Volunteer Fire Department, the local sponsor of Troop 81.
The amended petition states that Istrouma undertook to establish, promote and supervise the boy scout program in plaintiffs' community. While acting as assistant scoutmaster of Troop 151 from 1983 to 1985, and later as scoutmaster of Troop 81 from January to July 1986, Oubre repeatedly sexually molested troop members, including plaintiffs' two sons, during organized scouting activities. In November 1985, Troop 151 of the Istrouma Area Council dismissed Oubre as assistant scoutmaster because it knew, had reason to know or had a reasonable belief that Oubre had sexually molested minor troop members, and Istrouma failed to warn the parents of the troop members of the reason for Oubre's dismissal.
Plaintiffs claim against Oubre for intentional tort and against the remaining defendants in negligence for:
"a) Failing to take prudent and reasonable precautions to assure that the defendant, Kenneth M. Oubre, did not have a history of or, characteristics that would suggest a propensity toward child sexual molestation.
b) Appointing Kenneth M. Oubre as an Assistant Scoutmaster when they knew or should have known of his propensity for committing the sexual acts complained of herein;
c) Carelessly and negligently selected an adult leader for plaintiffs' sons;
d) Failing to warn plaintiffs of the known sexual propensities of the defendant, Kenneth M. Oubre;
e) Failing to require Kenneth M. Oubre to undergo psychological testing/counseling when they knew or should have known of his propensity to commit the sexual acts complained of herein;
*1322 f) Allowing Kenneth M. Oubre to continue with his duties as a Scoutmaster/Assistant Scoutmaster when they knew or should have known of his propensity to commit the sexual acts complained of herein;
g) Failing to properly supervise Kenneth M. Oubre;
h) Failing to properly supervise the two (2) minor children herein;
i) Acting improperly under the circumstances;
j) Failing to see what should have been seen;
k) Failing to use the required degree of care commensurate with the circumstances; and
l) Other acts of negligence which may become apparent during investigation and trial of this matter."
The father, as administrator, seeks damages for his sons' physical and mental injuries. The father and mother seek individual recovery for emotional distress and loss of consortium they experienced as a result of their sons' sexual abuse.
Istrouma, BSA and INA responded with exceptions and motions to strike, first arguing that plaintiffs failed to state a cause of action against them on the basis that no duty exists under Louisiana law to discover, warn of or protect against the criminal propensities of a third party where no prior knowledge of criminal propensities exists. The district court denied the exception but partially granted the motion to strike. On the theory that defendants had no legal duty to discover or protect against the criminal propensities of a third party, the court struck all of plaintiffs' claims except the specific allegation that defendants owed a duty to warn against a known criminal propensity of Oubre. On exception, the defendants also argued that plaintiff-parents had no cause of action for mental anguish damages. The district court agreed; it maintained the exception and dismissed/struck the parents' claims for individual damages.
On appeal plaintiffs urge as error the striking of all claims except the allegation of defendants' duty to warn and the dismissal of the parents' individual claim. Istrouma, BSA and INA do not cross-appeal.

PROCEDURE
The district court first maintained the exception of no cause of action and dismissed the parents' emotional distress and consortium claims. This ruling is a final appealable judgment. LSA-C.C.P. art. 1841. By granting the motion to strike, the court accomplished the same result. On appeal we address the ruling on the exception and therefore need not review whether the striking of the parents' claims is procedurally appropriate. The district court ruling establishing the limits of defendants' duty, by denying the exception and partially granting the motion to strike, is an interlocutory, unappealable judgment. LSA-C.C.P. art. 2083. The dictates of judicial economy and the avoidance of fragmented appeals oblige us to address this ruling as well. Lanham v. Woodward, Wight & Co., 386 So.2d 131 (La.App. 3 Cir.1980).
The exception of no cause of action tests the legal sufficiency of the petition. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The justiciable issue is whether the law grants a remedy to anyone for the particular harm alleged. Lagarde v. Allstate, Ins. Co., 515 So.2d 1147 (La. App. 5 Cir.1988). For the purposes of resolving the issue, the allegations of the petition are taken as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
Conversely, a motion to strike tests the sufficiency of the demand, it is not an authorized procedural vehicle to procure the dismissal of a cause of action. Adams v. New Orleans Blood-Bank, Inc., 343 So.2d 363 (La.App. 4 Cir.1977). The district court committed error in dismissing plaintiffs' negligence allegations by this method. As we interpret the ruling, the district court granted a partial exception of no cause of action: it allowed the claim of breach of a duty to warn but dismissed the remaining allegations claiming a breach of duty. This grant of a partial exception was error. Rodriguez v. American Bankers *1323 Insurance Company of Florida, 386 So.2d 652 (La.1980). We therefore reverse this portion of the district court ruling. We hold that plaintiffs' cause of action is not limited to the claim that defendants breached a duty to warn of a known criminal propensity. Plaintiffs are entitled to attempt to prove all allegations of breach of duty pleaded in the amended petition.
We find, further, that the district court fell into error in maintaining the exception on the parents' individual claims. We hold that the father and mother have stated a cause of action for mental anguish and loss of consortium.

PLAINTIFFS' CAUSE OF ACTION IN NEGLIGENCE
A cause of action is an act on the part of the defendant which gives rise to a plaintiff's cause of complaint.
"`"When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong." Quotations from 2 Words & Phrases, First Series, Cause of Action, p. 1017.' (Emphasis provided)'" Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350, 353 (La. 1975). The elements of a cause of action in tort are fault, causation and damage. Seals v. Morris, 410 So.2d 715 (La.1982). Fault, or actionable negligence, is analyzed under the four factors which comprise the concept of duty-risk: cause-in-fact, duty, breach and damage. Dixie Drive it Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). The second factor, the focus of our examination, is commonly stated: Did defendant owe a legal duty which encompassed the risk of harm that plaintiff encountered.
Because we entertain this aspect of the appeal on the correctness of a partial grant of no cause of action, we accept as true the allegations of the amended petition, that Istrouma and BSA were guilty of negligence that in fact caused plaintiffs' damage. Allegation of the first, third and fourth factors of the duty-risk analysis is therefore satisfied. Pitre v. Opelousas General Hosp., 530 So.2d 1151 (La.1988). What remains for our consideration is whether the second factor, duty, is properly pleaded.
Pitre characterizes the inquiry as, "whether defendant owed a duty of reasonable care to the plaintiffs and whether his negligence was a legal cause of the damage done...." Id. at 1155. The court explains legal cause with reference to the duty inquiry: was the defendant under a duty to protect each of plaintiff's interests affected against the type of harm that did in fact occur. In the case on review we find that plaintiffs have alleged the existence of a duty which encompassed the risk of harm they encountered.
In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under the circumstances. Seals, supra, at 718. The risk, or the harm suffered, is analyzed in terms of its forseeability and its unreasonableness. See generally Ballew v. Southland Corp., 482 So.2d 890 (La.App. 2 Cir.1986); Crowe, The Anatomy of a TortGreenian, as Interpreted by Crowe Who Has Been Influenced by Malonea Primer, 22 Loy.L.Rev. 903 (1976). Strict adherence to the test of foreseeability is not always required. Rather, a particular unforeseeable risk may be included if the injury is easily associated with the rule relied upon, and with other risks of the same type that are clearly within the ambit of protection. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Cf. Carter v. City Parish Government, Etc., 423 So.2d 1080 (La.1982). Unforeseeability is examined with reference to policy issues, that is, whether the risk outweighs the utility of the actor's conduct such that steps should be taken to prevent it. W. Prosser, Law of Torts § 33 (4th Ed.1971).
As respects the case before us, the inquiry is whether plaintiffs have pleaded a duty owed by Istrouma and BSA associated with the unreasonable risk of harm that *1324 they encountered. As did the district court, we find that they have. Plaintiffs' allegations of fact are that, under the auspices of BSA, Istrouma undertook to promote, administer and supervise the boy scout program in their community; that Istrouma knew or should have known that the scoutmaster, Oubre, had sexually molested troop members; that these defendants failed to investigate Oubre's background, failed to supervise him and the scouts themselves and failed to inform the parents of Oubre's sexual abuse of the troop members. The claims allege that these defendants assumed and owed a duty of reasonable care to both plaintiff-sons as boy scouts and to their parents. They allege that the risk of harm, that a scoutmaster acting within the boy scout program would sexually assault troop members, is easily associated with the duty, or obligation undertaken, with the foreseeable risk of injury to the scouts, and with the harm that occurred. The duty of reasonable care, whether characterized as a duty to investigate (discover) to supervise (protect) or to warn, encompasses the risk of harm which plaintiffs encountered.
Our reasoning that plaintiffs have adequately pleaded a cause of action, facts on which a duty is founded, is supported by two lines of jurisprudence which set forth the scope of the duty owed. The law provides that one who undertakes the control or supervision of a child owes a duty to exercise reasonable care to protect the child from injury. Whitney v. Southern Farm Bureau Ins. Co., 225 So.2d 30 (La. App. 3 Cir.1969). In large measure, the duty is illustrated in suits brought against schools and their teachers for injury to students, where it is described as the duty to exercise reasonable supervision commensurate with the age of the children and the attendant circumstances. Prier v. Horace Mann Ins. Co., 351 So.2d 265 (La.App. 3 Cir.1977). The duty, however, is not limited to a special, school-student relationship. Hernandez v. Toney, 289 So.2d 318 (La. App. 1 Cir.1973). Rather it exists because when the obligation of supervision is undertaken, the duty of reasonable care is owed. Here plaintiffs' allegation is that Istrouma and BSA undertook to supervise the boy scout program, and that they breached the duty of care owed.
We further recognize the legal principle that an actor has no duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists between the actor and the other so as to afford the other a right to protection. We decline to adopt the arguments of Istrouma and BSA, that the existence of a special relationship is limited to those found in current reported decisions or that it arises through payment of a fee. The law is not a static concept, both civilian and common theory provide for its application and extension as the case arises. LSA-C.C. art. 2315, Prosser, supra, at 174. Plaintiffs have pleaded the existence of a special relationship between themselves, Oubre, Istrouma and BSA. Where such relationship exists, the law currently characterizes the duty as one to warn of risks of which the actor knew or should have known. See generally Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984); Banks v. Hyatt Corp., 722 F.2d 214 (5 Cir.1984).
We hold that the district court committed error in limiting plaintiffs' claims at this juncture to the allegation that Istrouma and BSA owed solely the duty to warn of a known criminal propensity of Oubre. Plaintiffs have stated a cause of action, a claim for which the law affords a remedy, that is broader than this allegation. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984). All of plaintiffs' allegations of negligence contained in the amended petition are revived.

THE PARENTS' MENTAL ANGUISH CLAIMS
Black v. Carrollton R. Co., 10 La.Ann. 33 (1855), denied the father's recovery for the shock, solicitude and anxiety he felt when his son's legs were fractured in a railroad accident. Justice Buchanan, as writer, recognized that a common carrier owes a duty to provide safe locomotion to the public and a contractual obligation to *1325 convey each passenger to his destination without incident. He declined to extend the right to recover vindictive damages to others than those who, "in their own proper persons, are victims of the misconduct." Id. at 38. As we read the opinion, under the facts presented the railroad owed no duty to the father to protect against his son's injury. Therefore, the relative of the sufferer had no claim for emotional damages.
Where an independent duty exists, courts have allowed a relative's mental anguish claim to stand. In Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145 (La. App. 1 Cir.1961), the appellate court reversed a trial court judgment and allowed the parents to plead a claim for the mental pain and anguish they experienced when their son ate rat poison. Although the case is often cited as the "contract exception" to the prohibition of third-party emotional damage recovery, the court's approval of the parents' claim is based in tort as well. The exterminator's agreement to rid the home of rodents gave rise to a contractual duty in favor of the father as community head. The court also found that Terminix owed an independent delictual duty to each parent. As a handler of toxic substances it owed a general legal duty to know the contents of the poison it distributed. Terminix's breach of duty by its failure to possess, and with reasonable diligence to disclose the ingredients of the poison it placed in plaintiffs' home, provided the foundation for the parents' mental anguish claim. It was entirely within the realm of reasonable foreseeability that Terminix's failure to know and disclose the information to the parents would result in their concern, worry and mental stress. Id. at 157.
The Fourth Circuit expounded on the concept of a defendant's duty in Blackwell v. Oser, 436 So.2d 1293 (La.App. 4 Cir. 1983). In this medical malpractice case, the court affirmed the mother's right to prosecute a claim against her doctor for mental distress she experienced on learning that her son would be mentally impaired for life. The court found that the obstetrician owed an independent duty to the mother, his patient, to avoid treating her in such a manner as to cause injury to the child. It held that, having successfully pleaded the doctor's breach of duty, there was no impediment to the mother's claim for recovery of mental anguish for the injury to her son.
The majority declined to allow a cause of action to the father but observed,
"In the language of `duty-risk,' the risk of parental anguish in the event of obstetric malpractice is to be reasonably anticipated by the defendant, and therefore, is within the scope of his duty to perform competently."
Id. at 1299. Judge Lobrano dissented in favor of extending the father's right to recover under a contract theory.
A five-judge panel of our own circuit court addressed a markedly similar fact situation in Skorlich v. East Jefferson General Hosp., 478 So.2d 916 (La.App. 5 Cir.1985). Both parents sought recovery of emotional damages suffered on account of injury to their child during the birth process. On the doctor's exception, the trial court allowed the mother's claim but dismissed the father's. On appeal, this court reversed and reinstated the father's cause of action. Judge Kliebert, as opinion author, observed that originally the disallowance of such an emotional damage claim derived from the theory of proximate cause, whereas presently the liability of the tort-feasor is predicated on the duty-risk analysis whereby the defendant is liable for injuries that are reasonably foreseeable. Under this analysis:
"[T]he actor (here the defendant-doctor) owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risk which makes the conduct unreasonably dangerous...."
Id. at 917. The court held that while it was the mother who had contracted for treatment, the object of the undertaking was the treatment of the pregnancy, the result of the joint effort of both the mother and the father. The doctor was employed to use his skill in delivering the child without *1326 injury to the child or its mother, both foreseeable risks of pregnancy. His obligation not to negligently injure the child during delivery was an independent duty owed to the father as well as the mother.
Recently the Fourth Circuit again examined the relatives' claim for emotional damages and approved each parent's right to recover in Bishop v. Callais, 533 So.2d 121 (La.App. 4 Cir.1988). The mother and father brought suit against the medical center and its employee for their own and their son's injuries sustained when he was sexually abused while confined to the defendant's facility for treatment. The parents alleged that the defendant facility was negligent in failing to exercise due care in employing and supervising its personnel. They sought resulting damages for mental anguish, humiliation and loss of consortium. Defendants prevailed on exceptions of no cause of action at the trial level. On review the appellate court reversed. It found that plaintiffs' allegations in petition, that defendants owed a duty which they breached by negligent care and treatment of the minor, and which caused the parents emotional damages, stated a cause of action under LSA-C.C. art. 2316. Finding that it was reasonable to assume that a duty to the parents may exist under the factual scenario, the court allowed the parents to proceed with their claim. Id. at 123.
The case before us presents an even more compelling basis for the reasoning that the parents have stated a cause of action for mental anguish damages. We by no means discount the long-established rule that before a defendant may be held liable to a plaintiff for the reasonable and probable consequences of his act it must appear that the act was a breach of duty owed to the plaintiff himself and not merely a duty owed to a third party. Here the parents have pleaded the existence of defendants' duty. An independent duty to the parents exists. The risk of harm encountered is within the scope of the duty. The parents are persons foreseeably endangered by defendants' conduct. Anguish of the parents as well as the children is a reasonably anticipated consequence of child molestation. See Blackwell, supra, at 1299; see generally Stone, Louisiana Tort Doctrine: Emotional Distress Occasioned by Another's Peril, 48 Tul.L.Rev. 782 (1974). If the parents can prove defendants' breach of duty resulted in their emotional damage, they may recover.
Both Kaufman v. Clark, 141 La. 316, 75 So. 65 (1917), and Brauninger v. Ducote, 381 So.2d 1246 (La.App. 4 Cir.1980), we distinguish as cases where, at least on the reported facts, there was no independent duty to plaintiffs which encompassed the risk of harm encountered. That is, while a parent might always be a "foreseeable plaintiff" when a sexual attack on a child is involved, there was in these cases no allegation of defendants' prior knowledge, or reason to know. Therefore the element of "foreseeable risk" was not satisfied.
Similarly we distinguish Mesa v. Burke, 506 So.2d 121 (La.App. 5 Cir.1987), where no independent duty to the mother not to injure the child was owed by the defendant driver. Rather, we favor the reasoning of Judge (now Justice) Lemmon's concurrence in Brauninger, supra, at 1249, which recommends that the courts compensate only the carefully scrutinized valid claims of tort-caused emotional distress rather than denying compensation in all cases because some claims are not valid. Finally, we note that the Supreme Court has granted writs in LeJeune v. Rayne Branch Hospital, 539 So.2d 849 (La.App. 3 Cir.1989), writ granted 541 So.2d 861 (La.1989), wherein the third circuit affirmed a wife's cause of action for mental anguish for injury to her husband, not because an independent duty was owed but on finding that the policy reasons for a blanket denial of the claim are no longer valid.
In the instant case, the parents have alleged the existence of and defendants' breach of an independent duty owed directly to them. They have stated a cause of action for mental anguish damages. Our holding does not offend Black, which undeniably approved recovery for those who in their "own proper persons" are victims, supra, at 38. Here the anguish and torment of the parents is far removed from the "unpleasant emotions in the family" for which Justice Buchanan declined to allow recompense. Id. at 38.

*1327 CONCLUSION
In sum we hold that plaintiffs have stated a cause of action against Istrouma, BSA and INA under the theory of duty-risk and that their claims are not limited to the allegation that these defendants breached a duty to warn of a known criminal propensity of Kenneth M. Oubre. The parents have stated a cause of action for mental pain and suffering, and for consortium losses, the latter expressly approved under LSA-C.C. art. 2315. Our decision is restricted to the holding that plaintiffs have properly pleaded these claims for relief. We express no opinion on whether they will ultimately prevail on these claims.
The case is affirmed in part, reversed in part, and remanded to the district court for further proceedings consistent with this opinion. All costs are assessed against appellees.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GAUDIN, Judge, concurring.
Appellant contends that various pretrial rulings by the district judge were erroneous. I concur in the reversal of the rulings and in the remand for a trial inasmuch as Louisiana's jurisprudence favors trials; however, I do not necessarily agree that the parents have a cause of action for mental anguish they experienced.