576 So.2d 1162 (1991)
Michael MILLER, et al., Plaintiffs-Appellants,
v.
David EVERETT, et al., Defendants-Appellees.
No. 89-956.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Raul R. Bencomo, New Orleans, for plaintiffs/appellants.
Stafford, Stewart, Grove Stafford, Jr., Alexandria, for defendants/appellees.
Before FORET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns whether the plaintiffs' pleadings state a cause of action against Buff Carlin, individually and as pastor of a church.
The parents of four minor children, individually and on behalf of their minor children, appeal the dismissal of their tort claim against Buff Carlin, the pastor of the Alpine Assembly of God Church, and his insurer, The Lutheran Benevolent Insurance Company.[1] The plaintiffs contend *1163 that Carlin breached a "counselor's duty to warn [them] of potential future criminal activity which could foreseeably be committed by the person [David Everett] being counseled", and negligently failing "to warn the authorities of this potential criminal activity."
The trial court dismissed the plaintiffs' petition on a peremptory exception of no cause of action. On appeal, plaintiffs contend that the trial court erred: (1) in sustaining defendants' exception of no cause of action; and, (2) in failing to allow plaintiffs an opportunity to amend their petition to remove the grounds of defendants' exception of no cause of action.
In L.P. v. Oubre, 547 So.2d 1320, 1323 (La.App. 5th Cir.1989), writ denied, 550 So.2d 634 (La.1989), our brethren of the Fifth Circuit set forth the law and jurisprudence on the peremptory exception of no cause of action as follows:
"A cause of action is an act on the part of the defendant which gives rise to a plaintiff's cause of complaint.
`When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the facts which constitute the latter's wrong.' Quotations from 2 Words & Phrases, First Series, Cause of Action, p. 1117. `(Emphasis provided)'"

Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350, 353 (La.1975). The elements of a cause of action in tort are fault, causation and damage. Seals v. Morris, 410 So.2d 715 (La.1982). Fault, or actionable negligence, is analyzed under the four factors which comprise the concept of duty-risk: cause-in-fact, duty, breach and damage. Dixie Drive it Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). The second factor, the focus of our examination, is commonly stated: Did defendant owe a legal duty which encompassed the risk of harm that plaintiff encountered.
* * * * * *

Pitre [v. Opelousas General Hosp., 530 So.2d 1151 (La.1988),] characterizes the inquiry as, "`whether defendant owed a duty of reasonable care to the plaintiffs and whether his negligence was a legal cause of the damage done....'" Id. at 1155. The court explains legal cause with reference to the duty inquiry: was the defendant under a duty to protect each of plaintiff's interests affected against the type of harm that did in fact occur.
* * * * * *
In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under the circumstances. Seals, supra, at 718. The risk, or the harm suffered, is analyzed in terms of its forseeability and its unreasonableness. See generally Ballew v. Southland Corp., 482 So.2d 890 (La.App. 2nd Cir.1986); Crowe, The Anatomy of a TortGreenian, as Interpreted by Crowe Who Has Been Influenced by Malonea Primer, 22 Loy.L. Rev. 903 (1976). Strict adherence to the test of foreseeability is not always required. Rather, a particular unforeseeable risk may be included if the injury is easily associated with the rule relied upon, and with other risks of the same type that are clearly within the ambit of protection. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Cf. Carter v. City Parish Government, Etc., 423 So.2d 1080 (La. 1982). Unforeseeability is examined with reference to policy issues, that is, whether the risk outweighs the utility of the actor's conduct such that steps should be taken to prevent it. W. Prosser, Law of Torts Section 33 (4th Ed.1971)."
The plaintiffs' allegations of fact applicable herein show that Buff Carlin counseled Everett as Pastor of the Assembly of God Church about Everett's molestation of children who were his (Everett's) neighbors. Plaintiffs further allege that Carlin knew of Everett's molestation of their children 1-1½ years prior to any criminal investigation of Everett's actions. Plaintiffs further allege that Carlin knew who Everett *1164 was molesting, and that Everett's acts of molestation occurred before, during, and after Carlin's counseling. Under these facts, the trial court was asked to determine if Louisiana law recognized a cause of action against Carlin and his insurer.
Although this precise issue is res nova in Louisiana, we are able to resolve the question of whether Carlin could be held liable for failing to warn of Everett's criminal conduct, using the duty-risk analysis developed in jurisprudence involving analagous factual situations, i.e., where an actor's liability was premised on the criminal conduct of a third party.
In L.P. v. Oubre, supra at 1324, the appellate court stated:
"We further recognize the legal principle that an actor has no duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists between the actor and the other so as to afford the other a right to protection.... The law is not a static concept, both civilian and common theory provide for its application and extension as the case arises. LSA-C.C. art. 2315, Prosser, supra, at 174.... Where such relationship exists, the law currently characterizes the duty as one to warn of risks of which the actor knew or should have known. See generally Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984); Banks v. Hyatt Corp., 722 F.2d 214 (5 Cir.1984)."
After carefully reviewing plaintiffs' original petition, as well as their two amending and supplemental petitions, we agree with the trial court's conclusion that plaintiffs failed to state a cause of action against Carlin. Glaringly absent from plaintiffs' allegations is any factual assertion that a special relationship existed between Carlin and plaintiffs which would afford them a right of protection from Everett's criminal conduct.
Plaintiffs' reliance upon L.P. v. Oubre, supra, is misplaced. The plaintiffs in Oubre were the parents of boy scouts who were sexually molested by their scoutmaster. Finding that the parents stated a cause of action against Boy Scouts of America, Inc. (BSA), the federal non-profit organization, and Istrouma Area Council (Istrouma), the regional scouting council, the appellate court noted that the parents pleaded a special relationship between themselves, the scoutmaster, Istrouma and BSA. In particular, the Fifth Circuit found that the plaintiffs alleged facts that:
"[U]nder the auspices of BSA, Istrouma undertook to promote, administer and supervise the boy scout program in their community; that Istrouma knew or should have known that the scoutmaster, Oubre, had sexually molested troop members; that these defendants failed to investigate Oubre's background, failed to supervise him and the scouts themselves and failed to inform the parents of Oubre's sexual abuse of the troop members. The claims allege that these defendants assumed and owed a duty of reasonable care to both plaintiff-sons as boy scouts and to their parents. They allege that the risk of harm, that a scoutmaster acting within the boy scout program would sexually assault troop members, is easily associated with the duty, or obligation undertaken, with the foreseeable risk of injury to the scouts, and with the harm that occurred. The duty of reasonable care, whether characterized as a duty to investigate (discover) to supervise (protect) or to warn, ecompasses the risk of harm which plaintiffs encountered."
Likewise, in Smith v. Orkin Exterminating Co., Inc. 540 So.2d 363 (La.App. 1st Cir.1989), Orkin was found liable when its employee unlocked one of its customer's windows while spraying her home so that he could later return to sexually assault her. At the center of the First Circuit's affirmation of the trial court's finding of Orkin's liability was a finding that a special relationship existed between Orkin and its customer:
"Orkin is in a unique business that as a matter of course sends employees into the homes of its customers to perform services for which it charges and earns a profit. Orkin's place of business is essentially a customer's home. Because *1165 Orkin sends employees into homes, it is subjected to a higher standard of duty to protect against intentional torts that is a regular business." Id. at 368.
In the case sub judice, plaintiffs' pleadings allege that Everett was the youth director of Alpine Assembly of God Church. There are no allegations that the alleged molestations occurred in connection with Everett's functions as youth director or that the parents and children are members of the Alpine Assembly of God Church. The allegations, taken as true, do not show that Everett acted under the auspices of Carlin, individually or as pastor. Simply stated, the allegations do not state that a special relationship existed between Carlin and the plaintiffs, therefore, plaintiffs were owed no duty by Carlin. Accordingly, we find no error in the trial court's dismissal of plaintiffs' petition on an exception of no cause of action.
We now turn our attention to the plaintiffs' alternative contention that the trial court should have allowed them an opportunity to amend their petition to remove the grounds of the peremptory exception.
LSA-C.C.P. Art. 934 generally requires that the plaintiff be allowed to amend his petition after a peremptory exception has been maintained if the general grounds for the exception may be cured by amendment. Nevertheless, Article 934 does not require that the plaintiff be allowed an opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. Lyons v. Avondale Shipyards, Inc., 359 So.2d 1348 (La. App. 4th Cir.1978).
In the case sub judice, the plaintiffs raised Carlin's liability in a supplemental petition. It is noteworthy that after Carlin pleaded his exception of no cause of action on March 13, 1989, the plaintiffs amended their petition against Carlin a second time on May 11, 1989, after the trial court heard counsels' arguments on the peremptory exception.
After carefully reviewing the chronology of events in the district court, we find that the court-allowed amendment by plaintiffs after oral argument on the exception of no cause of action fulfilled the requirements of LSA-C.C.P. Art. 934. Accordingly, we find no error in the trial court's decision not to allow the plaintiffs an additional opportunity to amend.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally among the plaintiffs.
AFFIRMED.
NOTES
[1] The plaintiffs also filed suit against David Everett, the alleged molester of their children. The only question before us is whether the plaintiffs have stated a cause of action against Buff Carlin, the pastor, and Lutheran Benevolent.