673 So.2d 1150 (1996)
Glenn and Wonella LAMBERT, et al., Plaintiffs-Appellants,
v.
WORD OF FAITH MINISTRIES, et al., Defendants-Appellees.
No. 95-1436.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1996.
Writ Denied May 31, 1996.
Margareta Maria Lahme, Lafayette, for Glenn & Wonella Lambert Indiv. and on Behalf, etc.
Daniel Keith Wall, Jennings, for Word of Faith Ministries, et al.
Harold L. Savoie, Lafayette, for Patricia A. & Tim Green on Behalf of Minor Son.
Before KNOLL, WOODARD and PETERS, JJ.
KNOLL, Judge.
This appeal involves the dismissal of a law suit on a peremptory exception of no cause of action. Glenn and Wonella Lambert, individually and on behalf of their two minor children, Kasey and Christopher, filed a petition for damages against Word of Faith Ministries of Lafayette, Inc., Sterling Miller, and Jean Miller as a result of alleged acts of sexual molestation perpetrated by Timothy Paul Green, a minor, on Kasey and Christopher.[1] The Lamberts' petition alleges that Sterling and Jean Miller are agents of Word of Faith Ministries.
The petition for damages further alleges that Green sexually molested Kasey and Christopher in Axton, Virginia, on July 1, 1994. The petition then states that prior to this incident, Green was sexually molested by Dewey Carroll Hunt, an employee of Word of Faith Ministries and the Millers.[2] The Lamberts *1151 seek to impose liability upon Word of Faith Ministries and the Millers for Green's intentional acts of molestation by claiming that because of Hunt's sexual molestation of Green, Green sexually molested the Lambert children.
The trial court granted the peremptory exception of no cause of action and dismissed Word of Faith Ministries and the Millers from the law suit. This appeal followed. We affirm.
In Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988), the Court stated:
The duty risk approach is most helpful ... in cases where the only issue is in reality whether the defendant stands in any relationship to the plaintiff as to create any legally recognized obligation of conduct for the plaintiff's benefit.
Pitre, 530 So.2d at 1155.
Duty is a question of law. Smith v. Orkin Exterminating Co., Inc., 540 So.2d 363 (La.App. 1 Cir.1989). It is further well-recognized that an actor has no duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists between the actor and the other so as to afford the other a right to protection. L.P. v. Oubre, 547 So.2d 1320 (La.App. 5 Cir.), writ denied, 550 So.2d 634 (La.1989).
In its dismissal of the Lamberts' petition, the trial court stated:
There is no statute that makes the defendants answerable for the actions complained of, nor is there a proximate relationship between the actions of defendants and the harm that occurred to plaintiffs.
We agree.
In their appellate brief, the Lamberts rely on L.P. v. Oubre and Smith v. Orkin. We find the two cases distinguishable on the very question that is central to the issue raised herein, namely, whether a special relationship existed between Green and the Millers/Word of Faith Ministries. In Smith, a duty was found and liability was imposed on Orkin because there was an employment relationship between Orkin and Mr. Johnson; as a result of that relationship, Mr. Johnson was provided access to the Smith home. It was through this access that Mr. Johnson was presented with an opportunity to sexually assault Mrs. Smith. Likewise, in L.P., Boy Scouts of America, Inc. (BSA) and the Istrouma Area Council (Istrouma) were found liable for the illegal acts of a scoutmaster who sexually molested two minor boys. A duty was found on the part of BSA and Istrouma because these two entities undertook to promote, administer and supervise the scouting program in their community to include the investigation of potential scoutmasters. Because of their approval of Oubre as a scoutmaster, he was placed into a situation that allowed him to perpetrate the wrongs against these minor children.
When we apply the reasoning of these two cases, we find no such special relationship alleged in the Lamberts' petition for damages. Accordingly, we find that the trial court was imminently correct when it sustained the peremptory exception of no cause of action filed by Word of Faith Ministries and the Millers.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Lamberts.
AFFIRMED.
NOTES
[1] Although other defendants were named in the law suit, they are not before us in this appeal.
[2] The Lamberts' petition for damages does not state when Dewey Carroll Hunt sexually molested Timothy Paul Green. It also does not indicate when Hunt was employed.