JjJtOTHSCHILD, J„
dissenting.
Insofar as the majority opinion holds that a mother who suffers severe emotional distress after inadvertently administering an incorrect dosage of medication to her infant son cannot state a cause of action against the pharmacist who incorrectly labeled the medication bottle, I must respectfully disagree.
Dismissal of a petition for failure to state a cause of action is justified only when the allegations of the petition itself clearly demonstrate that plaintiff does not have a cause of action, i.e., that there is some superable bar to relief and that plaintiff can prove no set of facts in support of any claim which would entitle her to relief. City of New Orleans v. Board of Com’rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 241, 253. . The burden of demonstrating that no cause of action has been stated is upon the exceptor, and for purposes of the exception, all factual allegations of the petition are presumed to be true. Id.; La. C.C.P. arts. 927, 931.
In cases involving mental anguish damages for injuries to third persons, Louisiana tort law has distinguished between bystander recovery cases allowable by La. C.C. art. 2315.6 and traditional cases where defendant’s negligence is aimed directly at plaintiff. In the latter instance, Louisiana courts have found the existence *656 of a cause of action where the victim is found to be a participant in the | ^accident. See, Clomon v. Monroe City School Board, 572 So.2d 571 (La.1990); and Guillory v. Arceneaux, 580 So.2d 990 (La.App. 3d Cir.1991), writ denied, 587 So.2d 694 (La.1991).
The majority opinion hinges its analysis of this case on a finding that Amber Wilson was not a participant in this accident, and is therefore limited to a claim for bystander recovery, for which she is not entitled. However, I fail to find legal or factual support in this determination. Louisiana law imposes a duty upon pharmacists to fill a prescription correctly. See, Hayes v. Travelers Ins. Co., 609 So.2d 1084 (La.App. 2nd Cir.1992), writ denied, 613 So.2d 975 (La.1993); Wainwright v. Fontenot, 00-492 (La.10/17/00), 774 So.2d 70. The parties have not produced, nor has this Court discovered, jurisprudence which holds that this duty does not extend to the mother of an infant child who orders, retrieves and administers the medication.
Nevertheless, implicit in the allegations of plaintiffs’ petition is the assertion that there was a duty by the defendants to the plaintiff and that duty was breached. As this case comes before this court on an exception of no cause of action, we must presume all factual inferences to be true and we must resolve all reasonable inferences in favor of the non-moving party. Defendants have failed to show beyond a doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Applying this standard, I find that Amber Wilson’s factual allegations are sufficient to state a claim under La. C.C. arts. 2315 and 2316. See, Bishop v. Callais, 533 So.2d 121 (La.App. 4 Cir.1988), writ denied, 536 So.2d 1214 (La.1989).
In reaching this determination, I am influenced by the specific factual circumstances presented in this matter. I find persuasive the reasoning of the Third Circuit in Guillory, supra, at 995:
|sIn considering policy implications, we note that we are not faced with a case presenting a possibility that multiple parties might claim mental anguish damages because of injury to a third party victim. There is only one party who can make the claim here and that party was an actor, a participant in the incident causing the injury ... of the victim.
For these reasons, I find that Amber Wilson has sufficiently alleged facts whereby she may be found to be a participant in this accident and entitled to mental anguish damages as a result. I hasten to note that plaintiff would not be relieved of the burden of proof on the trial of this case, as the facts must be developed and subjected to a duty risk analysis and application of pertinent law. Breach of duty, causation and extent of injury are questions of fact. However, as the only issue before the court at this point is whether plaintiffs petition sufficiently states a cause of action, I would resolve this issue in the affirmative, thereby allowing plaintiff to proceed with her claims.
With regard to John and Gavin Wilson’s claim for bystander recovery, I agree with the opinion of the majority that the allegations of plaintiffs’ petition fail to support a cause of action pursuant to La. C.C. art. 2315.6. A review of the allegations of plaintiffs’ petition as to the injuries sustained by John and Gavin Wilson do not rise to the level of indicating serious emotional distress as contemplated by Louisiana law. Further, there are no allegations to demonstrate that there was an injury-causing event which these plaintiffs were *657 contemporaneously aware caused injury to the direct victim.
However, even if a petition fails to state a cause of action, if the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. La.C.C.P. art. 934; Crooms v. Lafayette Parish Government, 628 So.2d 1224, 1226 (La.App. 3 Cir.1993); Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751; Baldwin v. Gibbens, 93-1820 (La.App. 4 Cir. 4/14/94), 635 So.2d 1317, 1318. The trial court failed to permit an amendment of the pleadings in this case. Under the circumstances presented here, I cannot say there is no conceivable possibility that the petition could not be amended to state a cause of action under La. C.C.art. 2315.6. Dubroc v. Allstate Ins. Co., 93-780 (La.App. 3 Cir. 3/2/94), 633 So.2d 861; Persilver v. Louisiana Dept. of Transp., 592 So.2d 1344 (La.App. 1 Cir.1991).
I would therefore affirm the trial court’s dismissal of these plaintiffs’ petition for failure to state a cause of action and remand with the instruction that an order be issued to John and Gavin Wilson to amend the petition to state a cause of action against defendants, if they can, within a delay period deemed reasonable by the trial court. As to the claims of Amber Wilson, I would reverse the ruling of the trial court granting defendants’ exception of no cause of action and remand the case for further proceedings.