544 So.2d 109 (1989)
Calvin BROUSSARD, Plaintiff-Appellant,
v.
Ethel Bertrand BROUSSARD, Defendant-Appellee.
No. 88-181.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
Landry & Shea, Ashton J. Landry, Lafayette, for plaintiff/appellant.
Miller & Miller, Jack D. Miller, Crowley, for defendant/appellee.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
STOKER, Judge.
Plaintiff, Calvin Broussard, has appealed the dismissal of his suit against his former wife, Ethel Bertrand Broussard. Plaintiff filed suit seeking damages which he alleged resulted from "misrepresentations" made by defendant concerning receipt of alimony payments due to defendant from plaintiff. As a result of these alleged "misrepresentations," plaintiff was cast in judgment for past due alimony plus interest, attorney's fees of $250 and sentenced to serve 90 days in the parish jail, 60 days of which were suspended. The "misrepresentations" made by defendant at the April 15, 1986 hearing consisted of testimony that she did not receive two alimony payments which plaintiff alleges she had in fact received. The defendant filed a peremptory exception of res judicata which was denied. Thereafter defendant filed an exception of no cause of action which was granted by the trial court. Plaintiff's suit was dismissed and he has appealed the judgment of the trial court. The defendant has neither appealed nor answered plaintiff's appeal. We reverse.

EXCEPTION OF NO CAUSE OF ACTION
Plaintiff's petition for damages reads, in pertinent part, as follows:

"PETITION FOR DAMAGES
The petition of CALVIN BROUSARD, domiciled in Acadia Parish, State of Louisiana, respectfully represents:

*110 1.
That Ethel Bertrand Broussard, domiciled in Acadia Parish and made defendant herein, is indebted unto petitioner for the full sum of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS, with legal interest thereon, from date of judicial demand, until paid, plus all costs of these proceedings for the following reasons:

2.
That defendant on April 15, 1986, misrepresented facts at the trial in the cause of "Calvin Broussard vs. Ethel Bertrand Broussard" docket number 55,093, Acadia Parish, State of Louisiana, which caused petitioner to be incarcerated wrongly as a result of said misrepresentation in court.

3.
That defendant misrepresented to the court that she did not receive alimony installments of $125.00 due March 15, 1986 and $125.00 due April 1,1986, at the time of the trial on April 15, 1986 when in truth and fact the installments for March 15, 1986, was issued by petitioner to defendant on March 15, 1986, in the amount of $125.00 by check no. 130 drawn on the Bank of Commerce & Trust Company and was cashed at least by March 19, 1986, by the defendant and the installment due April 1, 1986, was issued by petitioner to defendant on April 3, 1986, by check number 321 drawn on Bank of Commerce & Trust Company in the amount of $125.00 and was cashed by defendant at least by April 8,1986, which were misrepresented at the aforementioned trial on April 15, 1986, that said installments were not paid when in fact they were paid.

4.
That as a result of said misrepresentation a judgment was rendered against petitioner to pay the aforementioned installments with legal interest thereon, plus attorney's fees in the sum of $250.00, and sentenced to serve ninety (90) days in the Acadia Parish jail, of which sixty (60) days to be suspended upon condition that all future payments of alimony be made properly and timely. Petitioner had to actually spend thirty (30) days in the Acadia Parish jail as a result of said misrepresentation."
The peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition and for purposes of the trial of the exception all well-pleaded allegations of fact are accepted as true and correct. LSA-C.C.P. art. 927; Cupp v. Federated Rural Elec. Ins. Co., 459 So.2d 1337 (La.App. 3d Cir.1984). The exception may be sustained only when the pleadings clearly show that the law affords no remedy to anyone for the particular grievance alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3d Cir.1984). Assuming the truth and correctness of the plaintiff's pleadings shown hereinabove, we find that the plaintiff has stated a cause of action. We believe that the law does afford a remedy to persons in instances in which judicial relief was obtained by a party when the facts upon which such relief was based were untrue. If plaintiff can prove that defendant lied under oath concerning the receipt of the alimony payments in question and that he suffered damages as a result, then he is entitled to relief. This should be so regardless of whether, as defendant submits, plaintiff should have moved for a new trial or appealed the judgment against him. Plaintiff need not plead a particular theory of recovery in order to be entitled to relief. Arceneaux v. Bellow, 395 So.2d 414 (La. App. 3d Cir.), writ refused, 400 So.2d 669 (La.1981); Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La.1974) and Poynter v. Fidelity & Casualty Company of New York, 140 So.2d 42 (La.App. 3d Cir.1962).
We find that the pleadings before us set forth a cause of action under Article 2315 of the Louisiana Civil Code. The trial court erred in granting defendant's exception of no cause of action and dismissing plaintiff's suit.
Accordingly, the judgment of the trial court dismissing plaintiff's suit is reversed *111 and the case remanded for further proceedings below. Costs of this appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.