657 So.2d 198 (1995)
William Z. MORRIS and Marie A. Morris, Plaintiffs-Appellants,
v.
MARYLAND CASUALTY COMPANY, et al., Defendant-Appellee.
No. 94-1556.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
Jack Paul Showers, for William Z. Morris and Marie A. Morris.
William Fredrick Page, Jr., for Maryland Cas. Co., et al.
Clay Williams, for Rev. Wiley J. Lafleur, et al.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
*199 SAUNDERS, Judge.
The engineer of a train involved in a car-train collision filed suit seeking damages for psychological harm allegedly sustained as a result of the accident. The trial court granted the defendants' exception of no cause of action. Plaintiffs appeal. We reverse.

FACTS
William Z. Morris was the engineer operating a train which was involved in a car-train accident in which the driver of the car, Seizieme H. Lafleur, was killed. Mr. Morris was not physically injured in this accident.
Mr. Morris filed suit against Mr. Lafleur's heirs and Mr. Lafleur's liability insurer, Maryland Casualty Company, alleging that he sustained serious psychological damages as a result of this accident. The defendants filed an exception of no cause of action which was granted by the trial court.
Plaintiffs appeal alleging that the trial court erred in applying La.Civ.Code art. 2315.6 to this case.

LAW

NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the plaintiffs' petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). The exception is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact accepted as true. Any doubts as to the sufficiency of the petition must be resolved in favor of the plaintiff. Young v. Central Louisiana Legal Services, Inc., 432 So.2d 1072 (La.App. 3 Cir.1983). When it can reasonably do so, the court should maintain a petition against a peremptory exception of no cause of action in order to afford the litigant an opportunity to present his evidence. Teachers' Retirement System v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984).

DAMAGES FOR EMOTIONAL INJURY
La.Civ.Code art. 2315.6 provides as follows:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
(2) The father and mother of the injured person, or either of them.
(3) The brothers and sisters of the injured person or any of them.
(4) The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
This article largely codified the holding in Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), in which the court allowed a spouse to recover for the emotional damages sustained upon entering her comatose husband's hospital room to discover that he had been bitten by rats. Lejeune and La.Civ.Code art. 2315.6 have been characterized as the "bystander recovery law." See Clomon v. Monroe City School Bd., 572 So.2d 571 (La.1990); Deville v. Budd Const. Co., 617 So.2d 570 (La.App. 3 Cir.), writ denied, 625 So.2d 180 (La.1993); Guillory v. Arceneaux, 580 So.2d 990 (La.App. 3 Cir.), writ denied, 587 So.2d 694 (La.1991).
In Clomon, 572 So.2d 571, the court allowed the driver of a car who hit and killed a *200 child who was exiting a school bus to recover for the emotional damages she sustained as a result of the accident. The court stated that Lejeune does not govern every claim for emotional damage due to injury to a third person and concluded that the courts are not "bound to apply mechanistically the damage limitation rules of Lejeune." Clomon, 572 So.2d at 576. In reaching this conclusion, the court noted that Lejeune had recognized that the policy concerns of preventing fraudulent claims must be balanced with the fundamental principle of full reparation of wrongfully injured persons underlying La. Civ.Code art. 2315.
In allowing Clomon to recover, the court found that the bus driver had breached a specific statutory duty to exercise due care in discharging children from the school bus and that this duty was owed not only to the children on the bus but also to motorists who relied on the presence of signals reasonably expected to be given by the bus driver such as the flashing lights and the retractable stop signs. Because the bus driver breached a specific statutory duty owed to Clomon, her claim for emotional damages was compensable even though she suffered no physical injury, had no relationship to the child, and was found to be contributorily negligent.
In Guillory, 580 So.2d 990, this court found that the driver of a car who struck and killed a pedestrian had stated a cause of action for damages for the emotional trauma she sustained as a result of the accident even though she had no accompanying physical injuries. The court found that neither Lejeune nor Clomon governed the case because it was not a bystander case nor was there a statute which created a duty owed to motorists to prevent this type of harm. However, the court found that the exception of no cause of action could be resolved under traditional tort principles. The court reasoned that if Guillory had alleged some physical injury as a result of the accident, she would have stated a cause of action, and therefore, they could find no reason why she would not have a cause of action for mental anguish damages as well. In support of this conclusion, the court quoted the concurring opinions of Justices Watson and Hall in Clomon, both of whom distinguished that case from Lejeune on the grounds that it was not a bystander case, but rather one in which the plaintiff was a participant in the accident and as such, was entitled to recover any damages she sustained as a result of the accident whether physical or mental or both. The Guillory court further stated that it did not construe the majority opinion in Clomon as contrary to the views expressed by the concurring justices.
Finally, in Deville, 617 So.2d at 576, this court stated:
The State misunderstands LSA-C.C. art. 2315.6. It is intended to compensate the mental anguish of certain classes of bystanders or non-participants in the accident or event which they witnessed. See Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). LSA-C.C. art. 2315.6 is not the basis for the recovery of mental anguish damages by Kevin Perry in this case. Kevin was one of the accident victims. He is entitled to compensation for any mental anguish he felt, as well as pain and suffering, due to being involved in the accident. See Guillory v. Arceneaux, 580 So.2d 990 (La.App.3d Cir.), writ denied, 587 So.2d 694 (La.1991). (Footnote omitted).
Applying the above principles, we find that the plaintiffs in the instant case have stated a cause of action. Plaintiff was not a bystander who viewed the accident or came upon the scene shortly thereafter. Rather, he was a participant in the accident. Therefore, La. Civ.Code art. 2315.6 is inapplicable under the facts of the instant case and cannot be used to support the defendants' exception of no cause of action. In finding that the plaintiffs have stated a cause of action, we do not rely on the finding of a specific statutory duty owed to Mr. Morris by the decedent. Rather we find that under the general principles of Louisiana tort law, Mr. Morris has stated a cause of action for any damages he sustained as a result of being involved in the accident which resulted in the death of Mr. Lafleur.
The defendants attempt to distinguish Deville, 617 So.2d 570, on the basis that the plaintiff who was allowed to recover for his emotional damages was also seriously physically *201 injured. However, an accompanying physical injury is no longer required under our interpretation of the applicable jurisprudence. See Clomon, 572 So.2d 571; Raney v. Walter O. Moss Regional Hosp., 629 So.2d 485 (La.App. 3 Cir.1993), writ denied, 94-0347 (La. 04/07/94), 635 So.2d 1134; Guillory, 580 So.2d 990. In Raney, 629 So.2d at 491, this court quoted Clomon, 572 So.2d at 583-584, as follows:
[T]he evolving view is toward the recognition of a duty imposed on the defendant to refrain from the negligent infliction of serious emotional distress in special circumstances where the mental anguish is the clearly foreseeable result or when a special relationship exists between plaintiff and the defendant.
The court noted that Clomon was an extension of the supreme court's landmark holding in Lejeune which had marked Louisiana's abandonment of the "impact" and "zone of danger" rules developed in common law jurisdictions, and concluded that, under special circumstances, physical harm or physical impact is not a prerequisite to recovery for emotional distress.
The defendants argue that Guillory, 580 So.2d 990, was decided prior to the enactment of La.Civ.Code art. 2315.6 and thus, is inapposite. However, we note that it was decided after Lejeune which is the predecessor to 2315.6 and that the court unequivocally found that Lejeune had "no application or bearing on the facts or legal issues ... before us." Guillory, 580 So.2d at 995.
The defendant's cite Devereux v. Allstate Ins. Co., 557 So.2d 1091 (La.App. 2 Cir.1990) in support of their contention that plaintiffs cause of action is precluded by La.Civ.Code art. 2315.6. In Devereux, 557 So.2d 1091, a plurality of the court applied the Lejeune factors and found that a driver who struck and killed a pedestrian could not recover for emotional damages sustained as a result of the accident because there was no relationship between the plaintiff and the decedent. However, the plaintiff was allowed to recover for physical injuries he sustained in the accident. In our view, this approach is inconsistent with the theories underlying La.Civ. Code art. 2315. Furthermore, although Chief Judge Hall, now Justice, concurred in the result in Devereux, he expressly stated that it was his view that Lejeune was inapplicable to the case before them because the plaintiff was involved in the accident whereas Lejeune extended recovery to bystanders. We do not find Devereux persuasive and decline once again to follow it. See Guillory, 580 So.2d at 997.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining the defendant's exception of no cause of action is reversed at defendant's costs and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.