hSAUNDERS, Judge.

PETITION FOR SUPERVISORY WRITS

Two separate writ applications have been filed in this case. Considering that these applications address the same facts and the same questions of law, the writ applications are consolidated.

STATEMENT OF THE CASE

This litigation arises out of an accident between pedestrians and a vehicle. The pedestrians, Claire Pourciau and Ashley Tutt, were roller-skating along Oak Street in New Iberia, Louisiana. While crossing the intersection of Oak and Everett Streets, Bridget Leleux’s vehicle struck Ashley Tutt fatally injuring the skater. Claire Pourciau narrowly avoided the collision with the vehicle by swerving and allegedly falling to the ground. As the result of this near miss, Claire Pour-ciau alleges that she sustained ^significant mental anguish and emotional damage. In pursuit of a remedy, Poureiau’s father, the plaintiff, sued Leleux and her insurers, Allstate Insurance Company and Prudential Property and Casualty Insurance Company.
In response to the plaintiffs petition, Le-leux and her-insurers, the relators, filed peremptory exceptions of no right of action and no cause of action. Finding the plaintiff to be the proper party to sue and that the plaintiffs petition asserts a cause of action, the district court denied the exceptions. ■ The relators seek supervisory relief from this ruling. ...

ON THE MERITS

The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The petition is sufficient if the law affords any remedy for any of the petition’s allegations. In determining if a remedy in law exists, the .petition’s allegations are accepted as true and correct. Kuehn v. Calcasieu Parish School Bd., 94-727 (La.App. 3 Cir.), 647 So.2d 544; writ denied, 95-0049 (La.3/17/95), 651 So.2d 267. Only the petition’s allegations are admissible as evidence in considering the exception. La.Code Civ.P. art. 931.
In the instant ease, the plaintiffs petition alleges that his daughter sustained mental anguish and emotional damage as the result of nearly being struck by Leleux’s vehicle. Accepting these allegations as true, we find the plaintiff may be entitled to a remedy. La.Civ.Code art. 2315 provides that whenever a person causes damage to another that the person must repair the damage. La.Civ.Code art. 2316 provides that a person is also responsible for negligent acts. Accordingly, we find that the district court did not err in denying the relators’ exception of no cause of action.
*252 Despite the relator’s argument to the contrary, the district court did not err in ruling that these damages may include damages the plaintiffs daughter sustained in witnessing Ashley Tutt’s fatal injury. The relators argue that the district court erredjjin denying their no cause of action on this issue because Claire Pourciau is not -within the class of bystanders to whom La.Civ.Code art. 2315.6 provides a remedy.
La.Civ.Code art. 2315.6 allows close family members to recover for mental anguish sustained in witnessing an accident. Deville v. Budd Const. Co., 617 So.2d 570, 576 (La.App. 3 Cir.1993). This article was enacted to prevent bystanders or nonparticipants, with no relation or involvement in an accident, from asserting fraudulent claims for mental anguish. Morris v. Maryland Casualty Company, 94-1556 (La.App. 3 Cir.5/3/95), 657 So.2d 198, 200. By alleging that Pourciau had to react to avoid the accident and alleging that Pourciau sustained mental distress from the near miss, we find that the plaintiff has sufficiently alleged that Pourciau was involved in the accident. When a victim is involved in an accident and witnesses an injury to another, it is very difficult to delineate between emotional damage caused by being in the accident and emotional damage caused by viewing the injury to the other. Considering this difficulty, we find that Pour-ciau’s interest in the accident alleviates any policy concerns of fraud. Therefore, we find no reason for not allowing Pourciau to sue for witnessing the fatal injury. See Deville, supra.
Considering Pourciau an accident victim and finding no policy reasons to prevent the suit, we find that the plaintiff has asserted a cause of action. Accordingly, finding no error in the district court’s ruling, the writ is denied.

WRIT DENIED.