NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**06-1314**

JOHN CROSS (SONYA CROSS)

VERSUS

RED SIMPSON, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,458
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**J. Bryan Jones, III**
**Attorney at Law**
**P. O. Drawer 8841**
**Lake Charles, LA 70606**
**(337) 598-2638**
**Counsel for Plaintiff/Appellant:**
        **John Cross (Sonya Cross)**

**James A. Holmes**
**Christopher J. Alfieri**
**Christovich & Kearney, LLP**
**601 Poydras Street, Suite 2300**
**New Orleans, LA 70130**
**(504) 561-5700**
**Counsel for Defendant/Appellee:**
        **Red Simpson, Inc.**

**DECUIR, Judge.**

John Cross initiated this intentional tort claim against his employer, Red Simpson, Inc., after he witnessed the non-fatal electrocution of his co-worker at a job site in Texas. Finding Cross has no right of action to assert a bystander claim against Red Simpson, and further finding that Cross has no cause of action for mental anguish damages because he was not a participant in the accident, the trial court dismissed the petition upon maintaining the defendant's exceptions. We affirm.

On March 28, 2002, Cross was employed as a lineman with Red Simpson, Inc., and was working on power lines for Entergy Corporation. Cross asserted in his petition that the job foreman instructed the crew to begin working before the overhead power lines were gutted and covered to protect from accidental electrocution. When the boom on the derrick truck hit a line, a co-worker was electrocuted. Cross alleged that he was at the scene, witnessed the event, and gave his co-worker CPR, thereby saving his life. Cross asserted that the accident caused him severe mental anguish and left him unable to work and in need of psychiatric and medical treatment. Subsequent to filing the petition, Cross died and his wife, Sonya Cross, was substituted as plaintiff.

After a hearing on the defendant's exceptions, the trial court made the following ruling:

> For oral reasons this day handed down the court finds that John Cross was not a "participant" in the accident in which his co-worker was injured and is not entitled to recover for the mental anguish damages he has asserted. Mr. Cross was not personally involved in the event which caused the injury suffered by his co-worker as were the parties in the jurisprudence cited by plaintiff. *Morris v. Maryland Casualty Company,* 94-1556 (La.App. 3 Cir. 5/3/95), 657 So.2d 198; *Guillory v. Arceneaux,* 580 So.2d 990 (La.App. 3 Cir. 1991). Nor is plaintiff entitled to recover mental anguish damages under a "bystander" theory as he is not a member of any of the categories of relatives who may recover as a result of witnessing an injury to another under Article 2315.6. Accordingly, defendant's Peremptory Exceptions of No Cause and No Right of Action are granted.

In this appeal, the plaintiff urges this court to find that an individual who suffers mental anguish from being sufficiently close to an event that he fears for his own physical safety may assert a claim for damages. In support of this contention, the plaintiff relies on three cases: *Morris v. Maryland Casualty Co.,* 94-1556 (La.App. 3 Cir. 5/3/95), 657 So.2d 198; *Guillory v. Arceneaux,* 580 So.2d 990 (La.App. 3 Cir.), *writ denied*, 587 So.2d 694 (La.1991); and *Clomon v. Monroe City School Board,* 572 So.2d 571 (La.1990). In each of these cases, however, the plaintiff was an actual participant in the automobile accident giving rise to each lawsuit. Nevertheless, the plaintiff herein urges this court to interpret this line of cases as holding that where a plaintiff is within the zone of danger of suffering physical injury in an accident and, as a result, experiences fear, shock, and fright, then that person may be allowed recovery for purely mental anguish damages.

Regardless of whether the plaintiff has presented a correct statement of the law, the record before us does not support the claims asserted. While Cross was admittedly at the scene of the electrocution, he was, according to his deposition testimony, several feet away from his co-worker, up in a bucket truck, and on the opposite side of a fence. The petition does not allege danger to the truck Cross was in, does not assert that Cross himself caused or contributed to the accident in any way, and fails to show exactly why Cross feared for his own safety. The petition does not describe the relationship between Cross and his co-worker as special in any way; they were not partners, nor was Cross responsible for training or supervising his co-worker. Essentially, Cross' presence at the scene of the accident was not material to its occurrence. He was merely an observer.

We find no manifest error in the conclusions articulated by the trial court. As Cross was neither a participant in the accident, nor a bystander entitled to recover

2

damages, he therefore has no cause or right of action for intentional tort against his employer.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff, Sonya Cross.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.