| | | |
|---|---|---|
| **DWAYNE STANTON** | * | **NO. 2021-CA-0367** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ENTERGY LOUISIANA, LLC,** | * | |
| **SIGUR CONSTRUCTION, LLC,** | | **FOURTH CIRCUIT** |
| **AUSI BUILDERS &** | * | |
| **CONSTRUCTION, LLC,** | | **STATE OF LOUISIANA** |
| **HOTEL INVESTORS, LLC,** | * * * * * * * | |
| **AND EXPOTEL HOSPITALITY** | | |
| **- HIM, LLC** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-01408 C\W 2019-00177, 2019-03860, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Paula A. Brown)


Charlsey Wolff
THE LAW FIRM OF WOLFF & WOLFF
2800 Veterans Memorial Blvd., Suite 204
Metairie, LA 70002

    COUNSEL FOR PLAINTIFF/APPELLANT

H. Minor Pipes, III
Stephen L. Miles
Patrick J. Lorio
Emily E. Ross
PIPES MILES BECKMAN, LLC
1100 Poydras St., Suite 1800
New Orleans, LA 70163

    COUNSEL FOR HOTEL INVESTORS, LLC AND EXPOTEL
    HOSPITALITY SERVICES, LLC

Catharine Ohlsson Gracia
Darryl M. Phillips
Sean D. Moore
ENTERGY SERVCIES, LLC
639 Loyola Ave., Suite 2600
New Orleans, LA 70113

COUNSEL FOR ENTERGY LOUISIANA, LLC

**AFFIRMED**

**NOVEMBER 24, 2021**

The Appellant, Dwayne Stanton, seeks review of the November 7, 2019 judgment of the district court, granting the exception of no cause of action of Appellees, Hotel Investors, LLC, Expotel Hospitality-HIM, LLC, and Entergy Louisiana, LLC. Pursuant to our *de novo* review, we affirm the judgment of the district court, finding Mr. Stanton does not state a valid cause of action for which the law affords a remedy.

## Facts and Procedural History

On April 19, 2018, Mr. Stanton, who was an employee of Sunbelt Rental Scaffold Services, LLC, was working on a construction site in Jefferson Parish where a Hampton Hotel was being renovated. Hotel Investors is the owner of the Hampton Inn, which Expotel was operating. Entergy was the utility company providing electricity for the site. Mr. Stanton witnessed a number of co-workers on the site get electrocuted when either braces that were being passed along and/or a portion of scaffolding came in contact with Entergy's energized power lines. As a result of witnessing this incident, Mr. Stanton avers that he has suffered serious

1

mental anguish and distress, such as anxiety, depression and post-traumatic stress disorder.

Mr. Stanton filed suit against a number of defendants, including the Appellees, on February 7, 2019, under case number 2019-1408.[1] In his petition, Mr. Stanton alleged that he was working as a Sunbelt employee when he witnessed the electrocution of his co-workers at the Hampton Inn construction site:

> 5.
> On the morning of April 19,2018, Plaintiff was in the course and scope of his employment with Sunbelt Scaffold Services, LLC when, while passing braces up to three (3) of his co-workers, one of the braces and/or the partially erected scaffolding came into contact with defendant, Entergy Louisiana, LLC's, power lines which had not been de-energized, despite the ongoing renovation project and close proximity of the job and the scaffolding to the distribution lines, causing plaintiff's co-workers to be severely electrocuted. Plaintiff directly witnessed this traumatic electrocution of his co-workers, as well as the electrocution of another construction worker who was using an electric grinder on the ground at the time of the event.

> 6.
> As a result of witnessing this traumatic event, Plaintiff has suffered from severe insomnia and depression, and has been diagnosed with Post Traumatic Stress Disorder and Anxiety, requiring ongoing medical treatment, prescription medication, and has further caused substantial psychological suffering by Plaintiff.

Thereafter, the Appellees filed a motion to transfer venue for forum non conveniens and exceptions for no cause and no right of action, which were heard by the district court on May 10, 2019. The district court denied the motion to

---

[1] The case was allotted to Judge Helen Hazeur, Division "A."

transfer venue and the exception of no cause of action. However, it granted the exception of no right of action, and ordered Mr. Stanton to amend his petition within 15 days under penalty of dismissal. Mr. Stanton timely filed a First Supplemental and Amending Petition for Damages on May 24, 2019, explaining that the electrocution accident occurred after a safety meeting about the power lines. He further described that he was working in an assembly line-like fashion with the injured workers just prior to their electrocution. Below are the notable changes:

I.

By amending and replacing Paragraph 5 to read as follows:

On the morning of April 19, 2018, Mr. Stanton reported to the Hampton Inn Hotel where he was part of a crew of laborers assigned to erect scaffolding pertinent to on-going renovations-taking place at the property. After participating in a safety meeting with the other members of his crew, where concerns were raised due to the close proximity of the power lines to the scaffolding, the group was advised, and re-assured, that electricity to the power lines had been disconnected, and that none of them were in danger of being electrocuted.

II.

By adding Paragraph 5(a) to read as follows:

Upon commencing work, Mr. Stanton participated in an assembly line configuration to transport scaffolding components up the partially erected scaffold to be attached. Without each member being physically involved in the process, the work could not have been accomplished. Mr. Stanton was assigned a ground level position. His duty was to hand components to his co-worker, who would then hand it off to the next person. Upon receiving his co-worker's signal that the coworker had complete control and possession of it, Mr. Stanton was to remain visually focused on the component as it

traveled up the scaffolding and was attached. This was done to ensure all crew members below a non-attached component had visual contact with the component should it begin to fall. Thus, all crew members worked together to accomplish their objective.

III.

By adding Paragraph 5(b) to read as follows:

After just passing a component to his co-worker, Mr. Stanton heard a pop, followed by seeing a big flash of light. He immediately heard an indescribable sound as electricity passed through the scaffolding which he was assembling, and then loud popping as it surged through an extension cord near him being used by another contractor, and a lightning bolt of electricity arcing off of the scaffolding, all within a matter of seconds, leaving Mr. Stanton confused, disoriented, and fearful of what was happening to him. As he began to hear shouting, he realized that the scaffolding and/or the component he had just passed up had come into contact with one of the power lines previously thought to be de-energized, and thus, he was careful not to touch any metal components near the power lines that he had been wrongfully assured were de-energized.

After amending his petition, the Appellees again filed exceptions of no cause of action and no right of action.[2]   Following a hearing, the district court granted the exception of no cause of action of the Appellees, thereby dismissing Mr. Stanton's claims.[3]

---

[2] Although there were initially three cases involving the accident at issue that were pending in three different divisions of the district court, including 2019-1408, the cases were ultimately consolidated with case no. 2019-177 in Division "L," before Judge Kern Reese.  The exceptions at issue were filed by Appellees Hotel Investors and Expotel and joined by Entergy. Entergy also filed exceptions of no cause of action and no right of action against Intervenors Sunbelt and Travelers Property Casualty Company, which the district court granted.

[3] The October 18, 2019 hearing transcript reflects the exceptions of no cause of action were the focus of the hearing, although the Appellees exceptions of no right of action was also pending. At the conclusion of the hearing, the district court stated that it was "going to grant the exceptions." The judgment at issue does not contain a ruling on the exception of no right of action of the Appellees.  "If a trial court's judgment is silent with respect to a claim or issue placed before the court, it is presumed that the court denied the relief requested." *S.E. Auto Dealers Rental Ass'n, Inc. v EZ Rent to Own, Inc.*, 07-0599, p. 13 (La. App. 4 Cir. 2/27/08), 980 So. 2d 89, 99 (citation omitted).

This timely appeal followed. Mr. Stanton raises three assignments of error:

1. The district court erred in granting the exceptions of no cause of action;

2. The district court erred in applying La. Civ. Code art. 2315.6 because Mr. Stanton was not a bystander but was a participant working in the course and scope of his employment when the incident at issue occurred; and

3. The district court erred in failing to apply La. Civ. Code art. 2315.

## Standard of Review

A peremptory exception of no cause of action "tests the legal sufficiency of the petition by examining whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy." *Koch v. Covenant House New Orleans*, 12-0965, p. 3 (La.App 4 Cir. 2/5/13), 109 So. 3d 971, 972 (quoting *Meckstroth v. Louisiana Dept. of Transp. & Dev.*, 07-0236, p. 2 (La. App. 4 Cir 6/27/07), 962 So. 2d 490, 492). "The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor." *City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La. 7/5/94), 640 So. 2d 237, 253. "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La. Code Civ. Proc. art. 931. "Consequently, the court reviews the petition and accepts the well-pleaded allegations of fact as true." *Credit v. Richland Par. Sch. Bd.*, 11-1003, p. 7 (La. 3/13/12), 85 So. 3d 669, 674-75 (citations omitted). An "exception of no cause of

5

action is a question of law that requires the appellate court to conduct a *de novo* review." *Koch,* 12-0965, p. 3, 109 So. 3d at 972 (citations omitted).

## Exception of No Cause of Action

Although Mr. Stanton raises three assignments of error, the crux of his appeal is whether the district court erred in applying La. Civ. Code art. 2315.6 when it granted the Appellees' exception of no cause of action.

The issue presented for review is whether Mr. Stanton's petition states a valid cause of action for which the law affords a remedy. The facts alleged in his petition and supplemental petition reflect that Mr. Stanton seeks recovery for non-physical injuries— mental anguish and emotional distress— he suffered as a result of witnessing the electrocution of his co-workers and from narrowly escaping being electrocuted himself. He maintains that he was a "participant" in the accident at issue because he was working in an assembly line-like fashion, handing his co-workers materials, just before they came in contact with the energized line.

The district court, in reviewing this matter, determined that La. Civ. Code art. 2315.6 was applicable and barred Mr. Stanton's claim. Article 2315.6, which was adopted by the Louisiana Legislature in 1991, provides:[4][5]

---

[4] "This article largely codified the holding in *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559 (La.1990), in which the court allowed a spouse to recover for the emotional damages sustained upon entering her comatose husband's hospital room to discover that he had been bitten by rats. *Lejeune* and La. Civ. Code art. 2315.6 have been characterized as the 'bystander recovery law.' " *Morris v. Maryland Cas. Co.*, 94-1556, p. 3 (La. App. 3 Cir. 5/3/95), 657 So. 2d 198, 199.

[5] The First Circuit in *Held v. Aubert*, 02-1486, pp. 5-6 (La. App. 1 Cir. 5/9/03), 845 So. 2d 625, 630-31, explained how the *Lejeune* decision lead to the enactment of art. 2315.6:

> A cause of action for the emotional distress and mental anguish suffered by a bystander who witnesses injury to another person or comes upon the scene soon thereafter was recognized by the

A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:

(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.

(2) The father and mother of the injured person, or either of them.

(3) The brothers and sisters of the injured person or any of them.

(4) The grandfather and grandmother of the injured person, or either of them.

B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. *Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.* [Emphasis added].

---

Louisiana Supreme Court in *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559 (La.1990). In response to the *Lejeune* decision, the legislature enacted La. Civ. Code art. 2315.6 in 1991 and codified the test for recovery that was pronounced in *Lejeune. Wartelle v. Women's and Children's Hospital, Inc.*, 97-0744, pp. 12–13 (La.12/2/97), 704 So.2d 778, 785. Under Article 2315.6, there are four basic requirements to recover damages for mental anguish or emotional distress suffered as a result of another person's injury. The requirements are as follows: 1) the claimant must have a specifically enumerated relationship with the injured person; 2) the claimant must have viewed an event causing injury to the injured person or have come upon the scene of the event soon thereafter; 3) the harm to the injured person must have been severe enough that one could reasonably expect the observer to suffer serious mental distress; and 4) the claimant must suffer emotional distress that is "severe, debilitating, and foreseeable." *Trahan v. McManus*, 97-1224, p. 8, n. 6 (La.3/2/99), 728 So. 2d 1273, 1278, n. 6

7

Recognizing that La. Civ. Code art. 2315.6 bars recovery for mental anguish or emotional distress damages for injuries suffered by others, except under the criteria prescribed therein, we find that Mr. Stanton does not have a cause of action under this article because he did not plead that he fits into any of the four requisite familial categories with the injured workers under La. Civ. Code art. 2315.6 (A).

Mr. Stanton, nevertheless, asserts that he was not a statutory "bystander," rather he was a "participant" in the accident. Thus, he asserts his claim is instead controlled by La. Civ. Code art. 2315.[6] Mr. Stanton relies upon *Clomon v. Monroe City School Bd.*, 90-915 (La. 12/3/1990) 572 So. 2d 571, a decision rendered in the same year as *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559 (La.1990), but pre-dating the enactment of La. Civ. Code art. 2315.6 that codified *Lejeune's* bystander recovery rule.[7]

*Clomon* involved a driver, that sued a school board to recover for severe emotional distress as a result of striking and killing a special needs child after the child exited a school bus that had no warning devices activated. *Id.* at 572. "The

---

[6] La. Civ. Code art. 2315, entitled *Liability for acts causing damages*, provides:

> A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
>
> B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.

[7] *See* notes 4 and 5.

8

school board's bus driver and bus attendant discharged the boy from the bus, prematurely deactivated the bus warning devices and drove away, leaving the boy alone to cross the street to his home" just before he crossed the path of the plaintiff driver. *Id.* "The trial court held the school board liable for the emotional distress and subsequent physical and mental illnesses its employees negligently inflicted" on the driver and this decision was affirmed by the Second Circuit. *Id.* The Supreme Court "granted *certiorari* to determine whether the decisions below were consistent with" *Lejeune*'s bystander recovery rule. *Id.*

The Supreme Court determined that while the driver was barred from recovering under *Lejeune* because she was not related to the deceased child, the driver was nevertheless owed an independent statutory duty by the school board, one that encompassed protecting against the risk of mental distress. *Id.* at 575-579. Moreover, Justice Pike Hall, Jr., in his concurrence, determined that *Lejeune* was inapplicable because the plaintiff participated in the accident, she was not a mere bystander, and the distress she experienced was the result of being involved in a traumatic event. *Id.* at 579.

*Clomon* and its progeny spawned a series of cases where plaintiffs, who were involved in accidents that caused the deaths or injuries of persons they were unrelated to, were allowed to recover for their emotional distress because they were "participants." *Id.*; *See, e.g.*, *Morris v. Maryland Cas. Co.*, 94-1556, pp. 3-5 (La. App. 3 Cir. 5/3/95), 657 So. 2d 198, 199-200; *Guillory v. Arceneaux*, 580 So.2d 990 (La.App. 3 Cir. 1991). In *Clomon*, the Supreme Court further held that

9

the bus driver violated a statutory duty to exercise due care that was owed to the "participant" plaintiff driver. *Id.*at 576-578.

Mr. Stanton avers that a duty was owed to him under the Overhead Power Line Safety Act, set forth in La. Rev. Stat. 45:141, *et seq.*, because he should not have been working in close proximity to energized lines.[8] However, in the instant matter, Mr. Stanton does not address that in *Clomon* and the cases that followed, a "participant" has consistently been found to be a party that was actually involved in bringing about accident, that is to say drivers or train engineers who struck, injured and/or killed other persons. "Participants" have not been held to be persons who only witnessed the injuring or killing of others, rather they are directly involved in causing the injury or death of others. Therefore, Mr. Stanton's reliance upon *Clomon* is misplaced.

Pursuant to our *de novo* review of the unique facts presented and of the applicable law, we affirm the granting of the Appellees' exception of no cause of action.

---

[8] La. Rev. Stat. 45:142, entitled *Ten-foot restriction; prohibited functions or activities* provides:

> No person shall, individually or through an agent or employee, perform any function or activity upon any land, building, highway, waterway, or other premises, if at any time during the performance of any function or activity it is possible that the person performing the function or activity shall move or be placed within ten feet of any high voltage overhead line, or if it is possible for any part of any tool, equipment, machinery, or material used, handled, or stored by such person to be brought within ten feet of any high voltage overhead line or conductor during the performance of such function or activity.

## DECREE

For the foregoing reasons, the November 7, 2019 judgment, granting the exception of no cause of action of Hotel Investors, LLC, Expotel Hospitality-HIM LLC and Entergy Louisiana LLC, and dismissing the petition of Dwayne Stanton, is affirmed.

**AFFIRMED**